Raymond HALL *v.* STATE of Arkansas

CA CR 85-26                                            691 S.W.2d 884

Court of Appeals of Arkansas
Division I
Opinion delivered June 26, 1985

*Skillman & Durrett*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Raymond Hall appeals from his conviction of the crime of theft by receiving contending that the trial court erred in denying his motion for a mistrial based on a statement made by the prosecuting attorney during the closing arguments which was alleged to be a comment on the defendant's failure to testify in his own defense. We do not agree.

About 4:00 a.m. on June 19, 1984 a sports center was burglarized and eleven hand guns were stolen. About an hour later a vehicle driven by the appellant and occupied by Johnny Cash and Maurice Knox was stopped by the police. A red tote bag belonging to the appellant and containing the eleven stolen hand guns was found in the trunk of the vehicle. Shortly after his arrest the appellant made a statement to police officers that he did not know that the stolen guns were in his vehicle. He stated he had picked Cash and Knox up on the street and they had put the bag in the trunk. Subsequently he gave a second voluntary statement which, when read in the light of the testimony of Cash and appellant's girlfriend, indicated that he knew the guns were stolen and that he was expected to transport them in his vehicle to a fence in Memphis.

Cash testified that on one previous occasion he and Knox had burglarized a sports center and arranged with the appellant to transport the goods to Memphis for sale to an acquaintance of the appellant named Smith. He testified that on the night in question he had previously informed the appellant that he and Knox would again steal some hand guns and requested the appellant to transport them to Smith. He stated that the appellant knew the burglary would take place and the part he was to play in it and he was undertaking to transport the stolen property to Memphis when apprehended.

Appellant's girlfriend stated that she was aware of the first incident when the guns were stolen and appellant had taken them to Memphis to be sold. She was in the apartment when Cash and Knox came the second time. She testified the appellant told her that they had broken into the gun shop again and that they were on their way to Memphis to Smith's house to dispose of them. On the witness stand she admitted having made a statement of events of the evening in question.

The appellant in his written statement admitted that he had been approached by Johnny Cash and Maurice Knox at his home to take them to Memphis to sell some guns "just like the other ones that they had." He admitted calling Smith in Memphis who told him to bring the guns. There was considerable testimony which established that Cash, Knox and the appellant had been together for the earlier part of the evening up until at least 1:00 or

2:00 o'clock on the morning of the burglary.

During the course of appellee's closing argument on rebuttal an objection was made. Although the matter objected to is not transcribed the following appears in the record:

> BY THE COURT: Your objection is that the last comment pertaining to the two statements being the only thing that we have from Raymond Hall was a comment on his failure to take the stand.
>
> BY MR. McDOUGAL: Yes.

At that point a motion for mistrial was denied and the court again read to the jury an instruction previously given that remarks made during the trial and closing arguments by the attorneys are not evidence and if they have no basis in the evidence should be disregarded. In a hearing on a motion to modify and expand the record no one could recall the exact words used by the prosecutor but the court determined that the language the court used at the time the objection was made "must have been close to the language used" by the prosecutor.

There was no request for the court reporter to make a stenographic record of the closing arguments. Although it would be better practice to require a verbatim record of the entire proceedings, it is not error if the trial court does not require the court reporter to make a stenographic record of arguments when counsel fails to request it. Ark. Stat. Ann. § 22-352 (Repl. 1962), *McCain v. State*, 132 Ark. 497, 201 S.W. 840 (1918); *Maxwell v. State*, 284 Ark. 501, 683 S.W.2d 908 (1985).

Appellant argues that this comment by the prosecutor was calculated to draw and did draw the jury's attention to the fact that the appellant had elected not to testify in his own behalf. The law is settled that the comment on the failure of a defendant to testify in a criminal trial is a violation of the Fifth Amendment right against self incrimination, which is made applicable to the states by the Fourteenth Amendment. *Griffin v. California*, 380 U.S. 609 (1969); *Pruett v. State*, 282 Ark. 304, 669 S.W.2d 186 (1984); *Weaver v. State*, 271 Ark. 853, 612 S.W.2d 324 (1981). In *Griffin* and *United States v. Hasting*, ___ U.S. ___, 76 L.Ed.2d 96 (1983) the United States Supreme Court held that such an error is not prejudicial per se and a reviewing court has a duty to

determine if absent the prosecutor's statement it is clear beyond a reasonable doubt the jury would have returned a verdict of guilty.

In *McDonough Power Equipment, Inc.* v. *Greenwood*, ___ U.S. ___, 78 L. Ed. 2d 663 (1984) the court declared that a litigant is entitled to a fair trial but not a perfect one for there are no perfect trials and pointed out that the courts have come a long way from the time when all trial error was presumed prejudicial and reviewing courts were considered "citadels of technicality." The court further pointed out that harmless error rules embody the principle that courts should exercise their judgment in preference to automatic reversal for error and should ignore errors that do not affect the essential fairness of the trials. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984). The courts have also declared that overwhelming evidence of guilt is a factor in reviewing any allegation of prejudicial error. In reviewing the evidence in this case we find no prejudicial error was committed and that the appellant received a fair trial.

In *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982) the court declared that before an error of constitutional proportions may be considered harmless it must be harmless beyond reasonable doubt and this court should be able to say that untainted evidence of defendant's guilt was overwhelming before we can consider whether an error was harmless. In this case all of the evidence indicated guilt. The appellant's second statement, read in connection with the other evidence, admitted his participation in the crime.

We do not intend to say that comment of a prosecutor could not be so inflammatory as to be prejudicial even where the evidence against the defendant is extremely damaging and strong. We can visualize circumstances in which a statement could be so prejudicial as to cause us to vary that rule and say that the statement was so gross that it might have tipped the scale in the State's favor. Here we do not know exactly what the prosecutor said or the context in which it was said. We have no way of knowing what statements immediately preceded the one objected to or the context in which the prosecutor was then speaking. The trial court was in a position to note the manner and delivery of such statements and the inflections or emphasis used and is therefore in a better position to understand how the jury

perceived it. *Pruett* v. *State, supra.* The trial court determined that the statement of the prosecutor was not so prejudicial as to warrant a mistrial. Without a record of what was actually said and the context in which it was said, we must presume that the trial judge was correct. *Maxwell* v. *State, supra.*

Affirmed.

COOPER and CORBIN, JJ., agree.