Ewell HENDRICKS *v.* STATE of Arkansas

CA CR 85-56                                    695 S.W.2d 843

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 1985

*Paul K. Lancaster*, for appellant.

*Steve Clark*, Att'y Gen., by: *Alice Ann Burns*, Deputy Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with two counts of rape for allegedly engaging in deviate sexual activity with two young boys. After a jury trial, the appellant was convicted on both counts and sentenced to serve two concurrent terms of ten years in the Arkansas Department of Correction. From that decision, comes this appeal.

On appeal, the appellant raises two points for reversal (1) the trial court erred in failing to suppress a videotaped deposition because of the witness' age and qualification; and (2) the trial court's failure to suppress evidence seized pursuant to an allegedly defective search warrant. For the reasons stated below, we affirm on the first point, but we reverse and remand for a new trial on the second.

The appellant asked that the videotaped deposition of the two children's testimony, taken pursuant to Ark. Stat. Ann. Section 43-2036 (Supp. 1983) be suppressed, as it contains no evidence that the children were qualified as to their competency to testify. While it is true that the videotaped deposition, *as presented to the jury*, contained no questions pertaining to the children's competency to testify, the record clearly indicates that such questions were asked and answered, but were inadvertently left off the videotape. The judge was required by Section 43-2036 to be present at the taking of the deposition. Stating that he had already ruled that the witnesses, who were then ages seven and five, were competent to testify, the judge denied the appellant's motion to suppress the deposition. It is for the trial court to determine if a child has the ability to observe, remember, and relate the truth of the matter being litigated, and whether the child has a moral awareness of the duty to tell the truth; such a determination lies within the trial court's sound discretion and it will not be overturned on appeal in the absence of abuse of that discretion. *See Hoggard* v. *State*, 277 Ark. 117, 640 S.W.2d 102 (1982). The trial court's opportunity to observe the witness, his manner, capacity, intelligence and understanding of the obligations of the oath are important factors in deciding the question of competency. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). The record in the case at bar indicates that the trial court had such an opportunity, and we find no abuse of discretion.

The appellant contends that the boys' testimony clearly indicates that they were incompetent to testify, as the seven-year-old testified as to foot races with the appellant, who suffers from emphysema, and to attacking the appellant and knocking him down, while the five-year-old described an incident with a gun and a knife, pointing out where he had been stabbed. However, the children were questioned separately and both were responsive and consistent with respect to their answers to questions concern-

ing the sexual misconduct. The Arkansas Supreme Court, in *Hoggard, supra*, held that the trial court's finding that a six-year-old victim was competent to testify was not erroneous, even though there were "contradictions in the child's testimony, as well as some odd remarks about being chased by panthers and guns . . . on the essential elements the child's testimony was generally responsive and consistent." 277 Ark. at 123.

We also note that the record provided us does not include the questions which were asked to qualify the children as to their competency. We further note that the appellant raised no question concerning their competency when the deposition was taken. It is the appellant's duty to bring up an adequate record on appeal by either supplying a transcript or by reconstructing the proceeding below if a transcript is unavailable. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). In the case at bar, the appellant has made no effort to provide the missing questions and answers, and therefore, he is not entitled to any relief. *See Wicks, supra*. In light of the fact that questions were obviously asked, but not provided to this Court, in light of the trial court's finding of competency, and in view of the boys' consistent statements concerning the essential elements of the case, we find no error in the trial court's decision denying the appellant's motion to suppress the videotaped deposition.

The appellant also alleged that the trial court erred in failing to suppress two pictures of the boys which the appellant took, as well as a camera. The appellant contends that the search warrant authorizing these seizures was defective. We find merit in this argument. The affidavit presented to the municipal judge was unsigned. No written summary of the proceedings in front of the municipal judge was made, nor was there a record made of those proceedings. Further, there is no evidence that the witnesses were sworn. Judge Gibson did listen to tapes of the children's statements, which were made before the police and which were transcribed by a court reporter. Based on these exhibits the judge issued the search warrant, and it appears that he did not base the issuance of the search warrant on the unsigned affidavit. There is no evidence that they were placed under oath prior to giving their statements. Arkansas Rules of Criminal Procedure, Rule 13.1(b) requires an affidavit, or recorded testimony taken under oath, before a search warrant can issue. The state has the burden of

proving that the warrant was made in compliance with the law. *State* v. *Anderson*, 286 Ark. 58, 688 S.W.2d 947 (1985); *Lunsford* v. *State*, 262 Ark. 1, 552 S.W.2d 646 (1977). The statutory requirement of an affidavit or recorded testimony under oath goes to basic procedural safeguards. *Anderson*, 286 Ark. at 61. Such basic procedural safeguards are threshold questions, which must be resolved prior to considering questions of good faith in the execution of the warrant. *Id.* However, even under the good faith doctrine, failure to provide an affidavit is such a deviation from normal procedure that the appellate court cannot consider it a defect falling within the scope of good faith error. *Id.* Since there is no evidence in this record showing a valid affidavit, nor any recorded testimony, the warrant is invalid. The trial court erred in admitting into evidence the pictures and the camera. Since we cannot say that the admission of those exhibits was harmless error, *Hall* v. *State*, 15 Ark. App. 235, 691 S.W.2d 884 (1985), we reverse on this point for a new trial.

Reversed and remanded.

CLONINGER and CORBIN, JJ., agree.