McMillan, judge.
This is an appeal from the dismissal of a petition for writ of habeas corpus wherein the appellant argues that he was not afforded due process with regard to a prison disciplinary action. The appellant contends that the disciplinary board found him guilty of fighting with a weapon in violation of Rule # 34 of the inmate handbook. However, he argues that the evidentiary finding of fact concedes that he was acting m self-defense and that the prison officials should have taken more action after being notified by the appellant of the other inmate’s aggressiveness. In light of these alleged facts, he alleges further that the finding of the Board was arbitrary and capricious.
His petition was dismissed because the Court found that no liberty interest was involved in being on a jail renovation team and sleeping in a county jail rather than being in an Alabama Department of Corrections prison. However, the appellant alleges in his petition that as a result of the disciplinary action he was in segregation for 29 days. He further contends that his custody status was changed from trusty to medium security status. The State has offered nothing to rebut the appellant’s allegations. “Therefore, the unrefuted facts set out in the petition must be taken as true. Ex parte Floyd, 457 So.2d 961 (Ala.1984); Williams v. State, 461 So.2d 1335 (Ala.Cr.App.1984); Vaughan v. State, 415 So.2d 1231 (Ala.Cr.App.1982).” Giles v. State, 462 So.2d 1063, 1064 (Ala.Cr.App.1985).
This case is due to be remanded for an evidentiary hearing on the merits of the appellant’s petition.
REMANDED WITH DIRECTIONS.
All the Judges concur.