Michael Leon DAVIS *v.* STATE of Arkansas

CA CR 87-172                                      751 S.W.2d 11

Court of Appeals of Arkansas
Division II
Opinion delivered June 1, 1988

*William R. Simpson, Jr.*, Public Defender, *Jerry J. Sallings*, Deputy Public Defender, by: *Donald K. Campbell III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of sexual abuse, first degree, and sentenced to six years in the Arkansas Department of Correction. On appeal, he argues three points for reversal: that the trial court erred in allowing the four-year-old victim to testify by videotape because good cause was not shown; that the trial court abused its discretion in finding that the victim was competent to testify; and that the trial court stopped being a fair and neutral magistrate when it told the State how to prove one of the elements of the offense. We find no error and affirm.

The record reflects that on February 13, 1985, when the victim, Lindsay, was four years, three months old, she went to the grocery store with her mother, her younger brother, and another child the mother was babysitting. Lindsay was left alone for a few minutes, looking at toys. During these few minutes Lindsay was approached by the appellant, who was a stranger.

According to Lindsay, the appellant put his hands inside her pants and panties, touched her vagina, and said, "it feels good." The appellant, testifying in his own behalf, denied touching the child. He stated that he saw Lindsay crying in the store, that she was apparently alone, and he helped her return a toy to the shelf.

The appellant first argues that Lindsay's videotaped testimony should not have been allowed because the State failed to show "good cause" as required by Ark. Stat. Ann. § 43-2306

(Supp. 1985) [Ark. Code Ann. § 16-44-203(b) (1987)], which provides in part:

> In any prosecution for a sexual offense or criminal attempt to commit a sexual offense against a minor, upon motion of the prosecuting attorney, and after notice to the opposing counsel, the court may, for good cause shown, order the taking of a videotaped deposition of any alleged victim under the age of seventeen (17) years.

It is the appellant's contention that a showing of good cause is mandatory and that the only cause shown by the State in this case was the child's age and some allegations by the State that the child could suffer emotional damage. There was no testimony as to the effect testifying would have on Lindsay.

Before addressing the merits of the argument, the State first contends that this issue was not properly preserved for appeal. We disagree.

In his written response to the State's motion to videotape the testimony the appellant stated in paragraph two:

> 2. That if the victim is found to qualify as a competent witness by this court then there is no good cause to justify having the victim testify outside the viewing of the trier of fact where the demeanor and gestures of the victim can best be judged.

At the pre-trial hearing, the appellant stated that he objected to the videotaping for the reasons stated in his response. Although the appellant orally argued that the jury should be allowed to see the demeanor and gestures of the child; we think that the appellant's referral to good cause in his response properly preserved the issue for appeal.

On the merit of the appellant's argument, we find that there was good cause and that the trial court did not err in allowing the videotaped testimony. In *McGuire* v. *State*, 288 Ark. 388, 706 S.W.2d 360 (1986) the appellant argued that the "good cause" provision in § 43-2306 was unconstitutionally vague. In addressing this issue the Supreme Court stated:

> Flexibility and reasonable breadth in a statute are permissible, rather than meticulous specificity or great exacti-

tude, so long as it is clearly defined in words of common understanding. [cite omitted] The statute provides a reasonable rule of thumb to guide judges in determining whether a videotaped deposition is justified. Many factors can and should be considered in determining what is good cause. The circumstances surrounding the offense, the child's age, and the potential harm to the child would be a few of these factors.

*McGuire*, 288 Ark. at 394, 706 S.W.2d at 363. The Court concluded that the words "good cause" form a common legal phrase familiar to most people.

■ The appellant cites cases where witnesses specifically testified about the emotional impact on the child witness and he argues that it was error for the trial court to make a ruling on good cause without such testimony. *See McGuire, supra* (grandparents testified child would be harmed); *Chappell* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986) (social worker testified about trauma child had suffered). In most cases this kind of testimony would be desirable but, under the facts in this case, the absence of such testimony is not fatal to the trial court's finding of good cause.

■ At the time of trial, Lindsay was 4 years 10 months old and the appellant was a stranger to her. The trial court made its ruling after it had observed Lindsay testify at a hearing to determine her competency. Thus, the trial court had first-hand knowledge as to how Lindsay would react to direct and cross-examination. Based on these observations, and Lindsay's age, we think that the trial court's determination to allow Lindsay's testimony to be videotaped was reasonable under the circumstances. *McGuire, supra.*

The appellant next argues that the trial court abused its discretion in finding that Lindsay was a competent witness. In the alternative, the appellant argues that, in cases where testimony is videotaped, we should review the tape and make a determination of competency based upon the totality of the circumstances.

■■ It is for the trial court to determine whether a child has the ability to observe, remember, and relate the truth of the matter being litigated, and whether the child has a moral

awareness of the duty to tell the truth. *Hendricks* v. *State*, 15 Ark. App. 378, 695 S.W.2d 843 (1985). Such a determination lies within the sound discretion of the trial court and will not be overturned on appeal in the absence of an abuse of discretion. *Id.* The trial court's opportunity to observe the witness, his manner, capacity, intelligence and understanding of the obligations of the oath are important factors in deciding the question of competency. *Kitchens* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

At both the pre-trial hearing and during her videotaped testimony Lindsay testified that if she told a lie at home she would be spanked and if she told a lie in court she would be "locked up." She demonstrated that she knew the difference between the truth and a lie and knew that her favorite cartoon character, Heathcliff, was not "real." She was able to state her full name, her birthdate, her age and the names of her Sunday school teachers. She was also able to recall what she had done on the prior Easter and the presents she had received the previous Christmas.

When testifying about the incident with the appellant, Lindsay displayed a good recollection of details surrounding the incident which were corroborated by other witnesses. She remembered who had accompanied her to the store that day and described in detail what she wore. She knew that she had been left alone for a few minutes because her mother had gone to ask a store clerk where the "cups for making cupcakes" were. She recalled that the appellant had cigarettes in his hand when he approached her, and even though she did not know how many, she did know that it was more than one.

Although there were some discrepancies in her testimony, most of those discrepancies occurred when she was asked rather abstract questions on cross-examination. She was able to answer the more concrete question on both direct and cross-examination. Furthermore, the inconsistencies in her testimony affected the credibility and weight to be given to her testimony, not her competency to testify. *Cope* v. *State*, 293 Ark. 524, 739 S.W.2d 533 (1987).

We decline to accept the appellant's suggestion that we should alter our standard when reviewing the competency of witnesses in cases where testimony has been videotaped. In Arkansas the competency of children to testify in criminal

matters has been found to be within the discretion of the trial court since at least 1869. *See Crosby* v. *State*, 93 Ark. 156, 124 S.W. 781 (1910); *Flanigan* v. *State*, 25 Ark. 92 (1869). The only case cited by the appellant in support of his argument is *Keith* v. *State*, 218 Ark. 174, 235 S.W.2d 539 (1951), in which the Court quoted the following statement from *Wheeler* v. *United States*, 159 U.S. 523 (1895):

> The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous.

218 Ark. at 181. It is the appellant's contention that the reasoning behind the rule is antiquated in cases where the witness's mannerisms and demeanor are preserved on videotape.

However, there are subtle nuances which a trial court may observe that are not observable on appellate review. The trial court has an opportunity to see the child not only while testifying, but also immediately before and immediately after. We can see no good reason to adopt two different standards of review; one for cases where testimony is preserved on videotape, and another standard for when the witness testifies in person.

At the close of the State's case, the appellant requested a directed verdict arguing that the State had failed to prove the age of the appellant. A person is guilty of sexual abuse, first degree, when, being eighteen or older, he engages in sexual contact with a person, not his spouse, who is less than fourteen years old. Ark. Stat. Ann. § 41-1808 (Repl. 1977) [Ark. Code Ann. § 5-14-108 (1987)]. Thus, the age of the accused is an element of the offense. *See James* v. *State*, 11 Ark. App. 1, 665 S.W.2d 883 (1984).

In chambers, the State argued that the jurors could use their "common sense" to determine the appellant's age, or that the trial court could take judicial notice of his age. The court indicated that judicial notice would not be proper, and stated:

That very well may be. And that's what bothers me a lot Mr. Adcock, but that's—judicial notice is not reserved for that sort of thing. And I don't think anybody can use their common sense to prove some sort of age, or some other element of the offense. Perhaps some circumstantial evidence. Here we have a grown man who witnesses identified as a man larger than himself, who's bearded, who's—that's been described on the record, etc. I'd just assumed that detective Smith had taken some sort of history from him, at the time he was arrested and probably got his birthdate. Is that it?

The State then asked if they could recall Detective Smith for that purpose. The appellant objected to such a procedure because the State had rested. Delores Beavers, an employee of the Little Rock Police Department, then testified that the appellant's birthdate was November 23, 1947.

The appellant argues that the trial court became an advocate when it told the State how to prove the appellant's age and that the trial court's advocacy denied him a fair and impartial trial. However, this argument was not made at trial. The appellant only argued that he would be opposed to re-opening the case for the State to prove the appellant's age. An objection must state the specific ground of the objection if the ground is not apparent from the context. *Pace* v. *State*, 265 Ark. 712, 580 S.W.2d 689 (1979). Where the ground for an objection is not presented to the trial court, it cannot be raised on appeal. *Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982); A.R.E. Rule 103(a). Furthermore, it has long been held that a party cannot change the grounds for an objection on appeal. *Vasquez* v. *State*, 287 Ark. 473A, 702 S.W.2d 411 (supp. op. 1986).

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.