### ALABAMA PINE CO. v. MERCHANTS' & FARMERS' BANK OF ALICEVILLE.
#### (6 Div. 730.)

(Supreme Court of Alabama.  June 30, 1926.)

**1. Statutes ⬥227.**

Provisions of statute not relating to essence of thing to be done are "directory" and not "mandatory."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Directory Statute; Mandatory.]

**2. Attachment ⬥150.**

Failure of clerk to indorse writ of attachment and that it is issued without bond as required by Code 1923, § 6176, does not nullify writ.

**3. Appearance ⬥22.**

Nonresident defendants, by filing replevin bond, acknowledged personal service of process submitted themselves to jurisdiction of court, and became bound to appear and defend.

**4. Appearance ⬥8(1).**

Nonresident defendants' filing of replevin bond is not equivalent to general appearance or any appearance in cause.

**5. Abatement and revival ⬥30.**

Nonresident defendants' plea in abatement on ground that complaint did not comply with requirements of Code 1923, §§ 6179, 9430, 9431, relating to constructive notice of suit, *held* properly overruled, where defendants by filing replevy bond acknowledged personal service.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Action by the Merchants' & Farmers' Bank of Aliceville against Thomas Young and Mack Morris, doing business as the Alabama Pine Company. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The plaintiff (appellee) sued the defendants (appellants) on a promissory note. Plaintiff filed an affidavit setting up its claim, and showing that defendants are nonresidents of Alabama. Thereupon a ⁑writ of attachment was issued by the clerk directing its levy upon defendants' property. Plaintiff did not give an attachment bond, but the clerk failed to indorse that fact on the writ. The writ was levied on property of defendants, who thereupon filed a bond replevying the property, as authorized by law.

Thereafter defendants appeared specially and filed their motion to discharge the levy and to dissolve the attachment, on the following grounds:

"(1) The attachment was issued without a bond being first given.

"(2) There was no election by the plaintiff before the issuance of said writ to have the same issued without bond.

"(3) There is no indorsement on said writ of attachment that same was issued without bond.

"(4) Because the plaintiff failed, within five days after the appearance of the defendants in said cause, to make bond payable to the defendants in double the amount sued for."

They also filed their plea in abatement as follows:

"(a) Come the defendants in the above-stated cause, and appearing specially for the purpose of this plea, say that this court has no jurisdiction in said cause for and on account of the facts, that defendants reside out of the state of Alabama, and it is not alleged in the complaint that defendants are nonresidents of said state; the post office addresses of the defendants are not set forth and alleged therein, and it does not appear therefrom that copies of said complaint were ever sent to the defendants at their addresses by the clerk of the court by registered mail, postage prepaid, marked, 'For delivery only to the person to whom addressed,' and return receipt demanded, addressed to the clerk of this court wherein said case is pending."

The motion was overruled, and the plea was stricken on plaintiff's motion.

Thereupon, the defendants declining to appear, a judgment by default was rendered against them with writ of inquiry; and final judgment was rendered for $323.24 by the court sitting without a jury.

Curry & Curry, of Carrollton, for appellants.

For failure of compliance with the requirement as to indorsement upon process of plaintiff's election to have attachment issued without bond, defendants' motion to dissolve should have been granted. Code 1923, § 6176. The execution and filing of replevy bond is in effect a general and unconditional appearance, and plaintiff's failure to give the required bond worked a discharge of the levy. Ex parte Tucker, 208 Ala. 428, 94 So. 276. It was error to strike defendants' Plea A. The complaint against a nonresident must disclose the fact that defendant is a nonresident and give his post office address. Visible Measure, etc., Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383; Code 1923, § 9431. A judgment by default is a judgment for want of appearance. 3 Mayfield's Dig. 1146.

Patton & Patton, of Carrollton, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. Section 6176 of the Code authorizes the issuance of a writ of attachment against a nonresident "with or without a bond being given, as the plaintiff may elect." The statute does not require that this election be expressed in writing, or in any particular way, nor that it be indorsed upon the writ. It does provide that, "if such at-

tachment is issued without bond, that fact [i. e. issuance without bond] must be indorsed on the writ."

The defendants' chief contention is that this latter provision is mandatory in such sense that the failure of the clerk to make this indorsement, when the plaintiff has not given bond, is fatal to the validity of the writ and of the levy thereunder, when the objection is seasonably presented as here by motion in abatement.

[1, 2] There is no universal rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intention as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished.

"Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done; that is, to matters of substance, are mandatory." 25 R. C. L. 767, § 14.

Our view of the provision in question is that, though the Legislature intended that it should be obeyed by the clerk—whether for the convenient information of the sheriff or of the defendants—it was not intended to be made a condition to the validity of the writ or of the proceedings thereunder, because it is not of its essence.

This, of course, is not to say that one who is injured by such an official default would not have his action against the officer; but to penalize the plaintiff for such a clerical omission, by nullifying his writ, could not, we think, have been within the legislative intention.

[3, 4] By filing the replevy bond, the defendants, in legal effect, acknowledged personal service of the process, and submitted themselves to the jurisdiction of the court, so that they were bound to appear and defend the suit. Ex parte Tucker, 208 Ala. 428, 94 So. 276. But this was not, as erroneously assumed by counsel for appellants, the equivalent of a general appearance, or of any appearance, in the cause. Its effect was to render defendants subject to judgment by default if they did not make such an appearance; and, as they did not so appear, there was no obligation imposed upon the plaintiff to execute a bond, because it had no notice from the clerk of such an appearance, and could not have had.

So also the failure of the defendants to appear generally justified the entry of judgment by default, with writ of inquiry to as-

certain the amount due, as to which we find no error in the action of the trial court.

[5] Defendants' special plea in abatement sets up the failure of the complaint to allege that they are nonresidents, and to give their post office address; and to show several other things, as required by sections 9430 and 9431 and 6179 of the Code. Those requirements, however, relate to constructive notice of a suit against a nonresident, and in this case they were rendered useless and were eliminated by the action of the defendants in filing the replevy bond and thereby effecting a personal service. The plea was therefore stricken without error.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

GARDNER, THOMAS, and BOULDIN, JJ., concur.