This is an appeal from the trial court's decree ordering a public sale of certain jointly owned property.
On August 31, 1979, appellee, Ned Hunter, filed a petition for a sale for division of certain real property. The petition alleged that the property was owned jointly by appellee and appellants, Ronald Prince and Helen Lyles, as tenants in common. The petition named appellants as defendants, stated that the property could not be equitably partitioned or divided in kind, and *Page 547 
requested a sale for division. Included in the petition was a request that appellee be allowed to bid on the property at the public sale.
The case was set for hearing on December 18, 1979. On December 7, 1979, appellants notified the court, by letter, of their desire to purchase appellee's interest in the property as provided in Code, § 35-6-100 (Cum.Supp. 1979). The court subsequently rendered a decree ordering a public sale. The court did not hear any evidence in the case nor does the record contain any stipulation by the parties as to ownership or partitionability of the property. The decree provides as follows:
DECREE ORDERING SALE
 This cause was duly set on this date for a hearing on "Petition For Sale" and answer of Defendants.
 At a pre-trial conference in chambers between counsel of record for the parties and the Court, the undisputed position of the counsel for the separate parties is that of desiring for their client or clients the ownership of the subject real property. Further, that the property cannot be equitably divided in kind.
 Under the circumstances the separate rights of the Plaintiff and the Defendants can be protected by a sale of the property and a conversion of the property into cash, with the right to each party to "pay in" his proportionate share of the proceeds.
 Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
 ONE: The Register is hereby ordered and directed to offer the subject real property for public sale to the highest bidder for cash, after advertisement, and in compliance with the laws and statutes of the State of Alabama and to hold the sale and render his report thereafter to the Court for confirmation or denial.
 TWO: The Court reserves the cause for future orders and decrees.
The appellants moved for a new trial on January 14, 1980, claiming that they had complied with § 35-6-100, providing for purchase of a filing joint owner's interest, and were entitled to purchase appellee's interest. The motion for new trial was denied on January 18, 1980, and this appeal followed.[1]
The sole issue is whether Code, § 35--100 (Cum.Supp. 1979), is applicable in this case. Section 35-6-100 provides as follows:
 Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.
The statute ostensibly was drafted to protect joint owners from being divested of their property in a forced sale by allowing them the option to purchase the filing joint owner's interest. The operative words are "the court shall provide for the purchase [of the petitioner's interest] by the other joint owners. . . ." (Emphasis added.) Ragland v. Walker,387 So.2d 184 (Ala. 1980). The statute in using the word "shall" makes it mandatory, upon the filing of a petition for sale for division, that the court provide for the purchase of the petitioner's interest by the other joint owners if they notify the court of their interest in purchasing petitioner's interest at least ten days before the day set for trial. Thus, § 35-6-100 is *Page 548 
applicable to the instant proceeding, and it was error for the court to order a public sale without consideration of §35-6-100.
Appellee contends that the word "shall" should be construed as permissive so that § 35-6-100 is not mandatory in all cases. Appellee argues that the Legislature intended the purchase provision of § 35-6-100 to apply only to cases where an "outsider" would acquire "family" property by forcing a public sale and outbidding the "family" joint owners. According to appellee, construing the word "shall" as mandatory would potentially require purchases without public sale in all sale for division cases, even when the joint owners are all family members. This, appellee concludes, is not within the Legislature's intention so "shall," in this case, must be construed as permissive in order to effectuate legislative intent.
Although generally the word "shall" in a statute is used in a mandatory sense, it is true that "shall" may be construed as permissive where from the circumstances it is obvious that the Legislature intended it so or where the validity of the statute is placed in jeopardy. Morgan v. State, 280 Ala. 414, 417,194 So.2d 820 (1967). Neither of these situations is present in the instant case: the statute is not constitutionally defective as written nor is it obvious from the statute that the Legislature intended it only to apply when the joint owner forcing the public sale is an "outsider" — the abuses to be prevented by the statute are equally as likely when only "family" members are involved. Therefore, the word "shall" must be construed as mandatory.
For these reasons, this case is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Appellants also filed a petition for an alternate writ of mandamus in the event the decree was not of sufficient finality to support an appeal. However, the decree is final for purposes of an appeal, so there is no need to consider the petition for mandamus.