The Court of Criminal Appeals affirmed the defendant's conviction of sexual abuse in the first degree. We have granted certiorari review. *Page 1055 
The issue is whether the presentation to a jury of a videotape of a three-year old sexual abuse victim violated the defendant's constitutional rights.
In their briefs on appeal to this Court, both parties stipulate to the accuracy of the facts as presented in the opinion of the Court of Criminal Appeals. Accordingly, we adopt those facts in toto.
FACTS
 "Appellant, a 29-year old male, lived next door to the 3-year old female victim. The victim testified that, while she was in appellant's home, looking at his goldfish, he pulled her pants down and 'licked' her 'on the bottom' and touched her on her bottom with his hands. Appellant testified that the victim and her younger sister came into his house to see his goldfish; that he picked up the victim and placed her on his hip so that she could better see the goldfish; that, in picking her up, he placed his right arm 'up under her behind'; that, while holding her up in this position, she slipped, causing him to put his hand under her bottom to catch her, and that he then put her down and she left the house. He denied pulling down the child's pants, licking intimate parts of her body, or intentionally putting his hands on her intimate parts. He denied ever touching the child intentionally for the purpose of sexual gratification, and claimed that the only time he may have touched her on her bottom was when he was holding her and she slipped. The child testified that appellant picked her up so she could see the goldfish and that he touched her bottom when he was picking her up and putting her down. A medical examination of the child revealed no evidence of trauma and an intact hymen.
 "Several hours after the incident, appellant was arrested and transported to the Marengo County jail. He was advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when first placed in the police car and, en route to the jail, was informed of the charges against him. He was advised that he had been accused of 'fondling' and licking the intimate parts of the alleged victim. On the way to the jail, he denied the accusations, even though he was not subjected to questioning. After arriving at the jail, he continued to deny the accusations until he 'broke down' and began to cry. He then told the officers that he would tell them about it. After he was again read his Miranda
rights, he signed a document waiving those rights, acknowledging that he understood them and agreeing to give a statement. The statement was recorded on tape and later transcribed. Both the tape and the written transcription were introduced in evidence at the trial, and the jury listened to the tape recording. In his statement, he admitted fondling the child, i.e., putting his hands in her panties, but denied licking her private parts."
Strickland v. State, 550 So.2d 1042 (Ala.Crim.App. 1988).
At trial, a videotape recording of the child was introduced in which the child accused the defendant of fondling her. The appellant argues that Code 1975, § 15-25-2, is unconstitutional and that — even if it is not unconstitutional — the use of the videotape at trial was in violation of the statute. Code 1975, § 15-25-2(a), allows videotaped depositions where the victim is a child who has been sexually abused.[1] *Page 1056 
The trial court, without the appellant's attorney present, entertained the district attorney's motion to take the videotaped deposition of the child, to be used at trial in lieu of the child's making a personal appearance. The following day, the trial court granted the motion, without any notification to the defendant that such a motion was under consideration. The deposition was taken the next day. The defendant and his attorney were present.
The day after that, the appellant filed a motion to exclude the deposition. On the day of trial, the court ruled that the videotape would be allowed into evidence. According to the appellant, this was done without any argument by the district attorney that the child could not withstand the experience of testifying in court. The appellant argues that the videotape was highly instrumental in his conviction.
 I. SIXTH AMENDMENT RIGHTS
The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right "to be confronted with the witnesses against him." These words are repeated in Article I, § 6, of the Alabama Constitution of 1901.
Although the right of confrontation at trial appears to be inflexible, the United States Supreme Court has stated that "the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." Chambers v.Mississippi, 410 U.S. 284, 295, 93 S.Ct. 1038, 1046,35 L.Ed.2d 297 (1973). The Supreme Court later concluded that where the right to confrontation at trial collides with specific law enforcement interests, the right to confrontation may be dispensed with. Ohio v. Roberts, 448 U.S. 56, 63,100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980).
In the case before us, we are faced with the same competing interests. When the legislature enacted § 15-25-1 et seq., it was attempting to address a problem that, for years, had gone unresolved. In child sexual abuse cases, accusing children frequently had difficulty making it through the rigors of cross-examination. In the process, the defendant's prospects for getting a fair trial depended on the child's ability to proceed through the end of questioning. The need for legislation like Section 15-25-2 was compelling.
If this statute had merely provided district attorneys with an opportunity to let the child give a rehearsed speech with no cross-examination, it would be unconstitutional. By giving him the right to be present with his attorney to cross-examine the child, the statute protects the defendant's rights under the United States and Alabama constitutions.
The appellant cites Coy v. Iowa, ___ U.S. ___,108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), for the proposition that the defendant must be allowed to see and confront the witness at trial. In Coy, a screen was placed between the witness and the defendant at trial, so that neither could see the other but the jury could see both. The Supreme Court held this procedure violated the defendant's right to confront his accuser. *Page 1057 
The facts of Coy are much different from those before us. The court in Coy emphasized the need for face-to-face confrontation, because such confrontation held the potential for "undoing" the child who had been coached by an adult.
In this case, no screen was employed and the defendant was allowed to face the child and to cross-examine her as required by the statute.
"The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." Pennsylvania v. Ritchie, 480 U.S. 39,107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987). Nothing in § 15-25-2
contravenes these two requirements. In fact, the statute clearly provides for both. The legislature has met the requirements of the Sixth Amendment as set out in Pennsylvaniav. Ritchie and Coy v. Iowa, and § 15-25-2 is, therefore, constitutional.
 II. COMPLIANCE WITH THE STATUTE
The appellant also argues that his due process rights were violated by allowing the deposition to be taken in the first place. We disagree. It is true that the trial judge failed to conduct a hearing before granting the district attorney's motion for a videotaped deposition. It is also true that the appellant was not given formal notice of the deposition. These omissions, procedural in nature, do not amount to a denial of procedural due process.
The process that was due the appellant was the opportunity to dispute the use of the videotape and the right to cross-examine the child. The trial court provided the appellant an opportunity to do both. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."Olim v. Wikinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745,75 L.Ed.2d 813 (1983). The substantive interest to which the appellant was entitled was the cross-examination of his accuser. This was provided. In addition, the trial court entertained a motion to exclude the videotape from evidence. As a result, the appellant's due process rights were protected. It would have been proper procedure to give notice of the motion to videotape the deposition when that motion was filed. However, the failure to give notice was a technical violation and did not deny the appellant any substantive rights. The requirements of due process are not technical. "TheFifth Amendment guarantees no particular form of procedure; it protects substantive rights." NLRB v. Mackay Radio TelegraphCo., 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381
(1938). The procedures adopted by the trial judge, though not technically perfect, were not constitutionally defective.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] Code 1975, § 15-25-2(a), states:
"(a) In any criminal prosecution referred to in section15-15-1, the court may, upon motion of the district attorney, for good cause shown and after notice to the defendant, order the taking of a videotaped deposition of an alleged victim of or witness to said crime who is under the age of 16 at the time of such order. On any motion for a videotaped deposition of the victim or a witness, the court shall consider the age and maturity of the child, the nature of the offense, the nature of testimony that may be expected, and the possible effect that such testimony in person at trial may have on the victim or witness, along with any other relevant matters that may be required by supreme court rule. During the taping of videotaped depositions, the attorney of the parents of the child would be allowed to be present at the tapings. If the court orders that a deposition of the victim or witness shall be has as provided herein, the district attorney shall make all necessary arrangements to have the same videotaped.
"Such deposition shall be taken before the judge in his chambers or in such other suitable location as the court may direct and shall be conducted in the presence of the district attorney, the defendant and his attorney, and such other persons as the court in its discretion may permit, taking into consideration the welfare and well-being of the alleged child victim or witness. Examination and cross-examination of the alleged victim or witness shall proceed at the taking of the videotaped deposition as though the alleged victim or witness were testifying personally in the trial of the case. The state shall provide the attorney for the defendant with reasonable access and means to view and hear the videotaped deposition at a suitable and reasonable time prior to the trial of the case. Objections to the introduction into the record of such deposition shall be heard by the judge in whose presence the deposition was taken, and unless the court determines that its introduction in lieu of the victim's or witness's actual appearance as a witness at the trial will unfairly prejudice the defendant, such videotaped deposition shall be entered into the record by the state in lieu of the direct testimony of the alleged victim or witness and shall be viewed and heard at the trial of the case."