The defendant, Durwood Brasher, was convicted by a Coffee County jury of sexual abuse in the first degree. A charge of first degree sodomy resulted in a mistrial. Brasher was sentenced to 20 years' imprisonment under the Habitual Felony Offender Act. The Court of Criminal Appeals affirmed the judgment and, subsequently, overruled Brasher's application for rehearing. This court granted Brasher's petition for certiorari.
The trial judge allowed the district attorney to videotape the deposition of the five-year-old victim and to play the videotape before the jury, pursuant to Code 1975, § 15-25-2. The issues are whether § 15-25-2 deprives a criminal defendant of his constitutional right to confront his accuser; and whether the trial judge must be the same judge who witnessed the deposition, as seems to be required by § 15-25-2(a).[1] *Page 194 
 I. SIXTH AMENDMENT RIGHTS
Recently, this Court has addressed the constitutionality of allowing child witnesses to be deposed by videotape. See, Exparte Strickland, 550 So.2d 1054 (Ala. 1989). In Strickland, we held that the use of such videotapes is constitutional and, therefore, that § 15-25-2 is constitutional.
 II. PROCEDURAL ISSUES
The judge who was present at the videotaped deposition was not the judge who presided over the trial.
The legislature's purpose in requiring the same judge to be at both the deposition and the trial was to facilitate the determination of whether the videotape would "unfairly prejudice the defendant." An examination of the record reveals that the trial judge undertook a thorough investigation into the admissibility of the deposition. After opening statements by both parties, the trial judge viewed the tape outside the presence of the jury. During this viewing, the judge entertained objections and showed no predisposition in favor of the district attorney. At the end of the tape, and after both parties had argued about the admissibility of the tape, the court ruled as follows:
 "So, the Court finds that this witness is a competent witness and declares that the witness is a competent witness capable of testifying through the use of this video deposition. And, the Court will allow the testimony of this young witness for the reasons that have been enumerated."
When the trial judge stated that the videotape would be allowed "for the reasons that have been enumerated," he was obviously referring to the reasons put forth by the district attorney in his motion to admit the tape. The review and analysis of the tape by the trial court were neither perfunctory nor superficial. The record shows that the trial court was assiduous, not only in reviewing the videotape, but also in balancing the interests of the defendant and the victim. We feel that the trial judge made a proper showing of good cause for allowing the videotaped deposition to be shown.
Section 15-25-2 states that objections to the introduction of the videotape "shall be heard by the judge in whose presence the deposition was taken." The word "shall," when used in a statute, usually indicates that the requirement is mandatory.Prince v. Hunter, 388 So.2d 546, 548 (Ala. 1980). However, "shall" may also be construed as being permissive where the intent of the legislature would be defeated by making the language mandatory. Id.
Act 85-743, Ala. Acts 1975 (§ 15-25-1 et seq.) was the legislature's response to a crisis that had developed in child sexual abuse trials. This crisis had grown to a point where the administration of a child sexual abuse trial was extremely difficult. As we stated in Strickland:
 "When the legislature enacted § 15-25-1 et seq., it attempted to address a problem that, for years, had gone unresolved. In child sexual abuse cases, accusing children frequently had difficulty making it through the rigors of cross-examination. In the process, the defendant's prospects for getting a fair trial depended on the child's ability to proceed through the end of questioning. The need for legislation like § 15-25-2 was compelling."
It is obvious that the legislature's intent was to protect the child witness, while preserving *Page 195 
the defendant's constitutional rights. By stating that the same judge should oversee the deposition and the trial, the legislature was facilitating this intent.
When he held a hearing to discuss the admissibility of the videotape, the trial judge satisfied the legislature's intent. He carefully weighed both the defendant's and the child's interests in coming to a conclusion. By performing those duties that the judge at the deposition performed, the trial judge "brought himself into compliance with the statute and satisfied its purposes." Brasher v. State, 555 So.2d 184 (Ala.Crim.App. 1988).
When determining whether "shall" is mandatory, "the prime object is to ascertain the legislative intent, as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished." Alabama Pine Co. v. Merchants' Farmers' Bankof Aliceville, 215 Ala. 66, 67, 109 So. 358 (1926). Because the trial judge satisfied the legislature's intent, we hold that the word "shall" is directory and not mandatory. Therefore, the trial judge did not commit reversible error.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] Section 15-25-2(a) reads as follows:
"(a) In any criminal prosecution referred to in section15-25-1, the court may, upon motion of the district attorney, for good cause shown and after notice to the defendant, order the taking of a videotaped deposition of an alleged victim of or witness to said crime who is under the age of 16 at the time of such order. On any motion for a videotaped deposition of the victim or a witness, the court shall consider the age and maturity of the child, the nature of the offense, the nature of the testimony that may be expected, and the possible effect that such testimony in person at trial may have on the victim or witness, along with any other relevant matters that may be required by supreme court rule. During the taping of videotaped depositions, the attorney of the parents of the child would be allowed to be present at the tapings. If the court orders that a deposition of the victim or witness shall be had as provided herein, the district attorney shall make all necessary arrangements to have the same videotaped.
"Such deposition shall be taken before the judge in his chambers or in such other suitable location as the court may direct and shall be conducted in the presence of the district attorney, the defendant and his attorney, and such other persons as the court in its discretion may permit, taking into consideration the welfare and well-being of the alleged child victim or witness. Examination and cross-examination of the alleged victim or witness shall proceed at the taking of the videotaped deposition as though the alleged victim or witness were testifying personally in the trial of the case. The state shall provide the attorney for the defendant with reasonable access and means to view and hear the videotaped deposition at a suitable and reasonable time prior to the trial of the case. Objections to the introduction into the record of such deposition shall be heard by the judge in whose presence the deposition was taken, and unless the court determines that its introduction in lieu of the victim's or witness's actual appearance as a witness at the trial will unfairly prejudice the defendant, such videotaped deposition shall be entered into the record by the state in lieu of the direct testimony of the alleged victim or witness and shall be viewed and heard at the trial of the case."