I do not understand whether the majority opinion, approving the admission of this so-called "expert" testimony, is based upon the general rules of evidence (specifically, the rule that the issue of admissibility lies within the trial court's discretion), or is based upon an exception to the general rule created because of the youthful age of the prosecuting witness. I have consistently voted in favor of recognizing variations from the general rule where some degree of accommodation is required in deference to the right of the child to testify in his or her own behalf. E.g., Ex parte Strickland,550 So.2d 1054 (Ala. 1989). Exceptions to the general rules of evidence are necessary in certain types of cases where otherwise crucial evidence would be unavailable. Nonetheless, before it is permitted, every such exception should be carefully examined and weighed in light of its necessity to effect the ends of justice.
Although the majority refers to Allen v. State,472 So.2d 1122 (Ala.Cr.App. 1985), as support for the proposition that the admissibility of the "expert" evidence in this case was within the trial court's discretion, I doubt that the majority means that this is the basis for its holding. While the threshold question whether these witnesses were qualified to testify as experts lies within the trial court's discretion, the substance of their testimony is admissible or not depending on objective and definitive rules of evidence. To be sure, even the Minnesota case of State v. Myers, 359 N.W.2d 604 (Minn. 1964), cited by the majority, makes it clear that the evidence is admissible as an exception to the general rules of evidence.
At any rate, under either test, the substance of these two "expert" opinions should not have been allowed in this case. There is a material flaw in the predicate laid for the "expert" opinions. Both witnesses were allowed to tell the jury, in effect, that because each of them had worked on a certain number of cases in which young children had first complained of sexual abuse and subsequently had recanted their stories, the child's recantation in this case was therefore unreliable. If no correlation between particular characteristics and established cases of sexual abuse is shown through other scientific or professional studies, such testimony amounts to "testimonial generalities." See State v. Maule, 35 Wn. App. 287, 667 P.2d 96 (1983). The literature in this field, reporting numerous case studies (some of which are cited in the appellant's brief), demonstrate that just less than one-half of the recantations studied were themselves true. Statistics indicate that the frequency of false reports of sex offenses approximates the frequency of false reports of other crimes. Lloyd, "The Corroboration of Sexual Victimization of Children,"ABA National Legal Resource Center for Child Advocacy andProtection, Child Sexual Abuse and the Law, 1 (J. Bulkley ed. 1981), at 103-04.[1] These factors were totally lacking in the predicate established by these witnesses.
To the contrary, the jury was asked to assess this prosecutrix's recantation solely on the basis of limited case studies that assumed all of the studied recantations were false. Moreover, neither witness attested to any generally accepted empirical studies of recantations based on a scientifically approved method of social research. Other jurisdictions, and more particularly Washington State, have expressed concern over this very point. See, e.g., State v.Madison, 53 Wn. App. 754, 770 P.2d 662 (1989) (noting that the expert "relied on some personal experiences, but did not detail how she determined when recantations occurred in cases where the original *Page 1141 
claim was independently verified," and that "[h]er general statements such as 'review of the literature' and 'major writers in the field' are hardly adequate when there is no prior . . . authority for admission of [such] expert testimony").
As previously stated, I have consistently voted in favor of recognizing exceptions to the general rules of evidence when exceptions have been necessary; however, there must be some guidelines established by which a predicate or foundation is to be laid for the admission of expert testimony regarding the subject involved in this case. Sound established principles of evidence are the foundation upon which the concept of a fair trial is based. To admit such generalized and unsubstantiated expert opinion testimony flies in the face of this concept.
This case illustrates the danger of moving away from established and time-tested principles too fast and too impulsively, all because of a perceived need to remedy an immediate problem. Absent expert testimony founded upon empirical studies widely accepted in the field of social science, the good common sense of 12 jurors is all that was needed here to judge the credibility of this prosecutrix.
[1] For other current literature in this field, see Summit, TheChild Sexual Abuse Accommodation Syndrome, 7 Int'l J. of Child Abuse and Neglect 177 (1988); Jones McGraw, Reliable andFiction Accounts of Sexual Abuse to Children, 2 Journal of Interpersonal Violence 27 (1987); and Quinn, The Credibility ofChildren's Allegation of Sexual Abuse, 6 Behavioral Sciences 
the Law 181 (1988); McCord, Expert Psychological TestimonyAbout Child Complainants in Sexual Abuse Prosecutions; Comment,The Admissibility of "Child Sexual Abuse AccommodationSyndrome" in California Courts, 17 Pacific L.J. 1361 (1986); Note, The Unreliability of Expert Testimony on the TypicalCharacteristics of Sexual Abuse Victims, 74 Geo.L.J. 429 (1985); Comment, The Admissibility of Expert Testimony inIntrafamily Child Sexual Abuse Cases, 34 U.C.L.A.L.Rev. 175 (1986). *Page 1142