The appellant, Teresa Pierson, alias Teresa Williams, was convicted of the unlawful distribution of cocaine in violation of § 13A-12-211, Code of Alabama 1975. She was sentenced to 12 years' imprisonment.
The state's evidence tended to show that on July 15, 1993, an undercover police officer gave the appellant $20, and in return, the appellant gave the officer a rock of crack cocaine.
 I
The appellant's 12-year sentence included enhancements pursuant to §§ 13A-12-250 and -270, Code of Alabama 1975. Sections 13A-12-250 and -270 provide that five years will be added on to a sentence when a defendant is "convicted of an unlawful sale of a controlled substance" within three miles of a school or within three miles of a housing project.
The appellant argues that her sentence was enhanced incorrectly because, she contends, she did not sell the cocaine to the undercover officer but was merely acting as the agent of a drug dealer in the transaction. The appellant bases her argument on Ex parte Mutrie, 658 So.2d 347 (Ala. 1993), in which the Alabama Supreme Court held that Mutrie's sentence for her guilty plea conviction for the unlawful "delivery" of a controlled substance could not be enhanced by the application of §§ 13A-12-250 and -270.
In Ex parte Mutrie, the Supreme Court of Alabama stated:
 "Because prior caselaw has established that a defendant who acts as the buyer's agent (also known as a 'procuring agent') is not guilty of unlawfully 'selling' a controlled substance, and because the clear language of §§ 13A-12-250 and -270 applies only to convictions for unlawful 'sale,' a conviction for unlawful distribution is enhanceable only if the defendant's activity constituted a sale, and not if the defendant acted as the agent of the buyer.
 "Therefore, we hold that §§ 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not apply to convictions for 'distribution' of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance."
658 So.2d at 350.
The exception carved out in Mutrie applies only to someone who acts as an agent for the buyer. An agent for the seller does not come under the Mutrie exception.
The appellant argued to the trial court that she did not sell the crack cocaine to the *Page 244 
undercover officer but that she was merely acting as an agent for a drug dealer. The trial court's order stated, in pertinent part:
 "The evidence is clear and the Court finds as fact that the Defendant, Teresa Pierson, willingly and freely offered to sell cocaine to an undercover law enforcement officer and that this defendant in fact 'sold' crack cocaine to the officer within a three-mile radius of both a public school and a public housing authority project. This Defendant acted as a seller and not merely a 'procuring agent.' The evidence is clear and this Court finds that Teresa Pierson received currency from the undercover officer for the purpose of the officer's purchasing crack cocaine."
(Emphasis in original.)
Based upon the record, the court did not err in finding that the appellant sold crack cocaine within three miles of a school and a housing project. Therefore, the court did not err in enhancing the appellant's sentence by the application of §§13A-12-250 and -270.
 II
The appellant also contends that the court erred in not requiring the state to comply with a subpoena duces tecum in which the appellant sought to require the Enterprise Police Department to provide "examples of all undercover surveillance equipment available to the Enterprise Police Department which had been used in undercover drug operations." A copy of the subpoena duces tecum was not made a part of the record on appeal. It is the appellant's duty to provide a complete record on appeal. Knight v. State, 621 So.2d 394 (Ala.Cr.App. 1993). We will not predicate error from a silent record. McCray v. State,629 So.2d 729 (Ala.Cr.App. 1993).
 III
In addition to the issues presented by the appellant, the state has requested that we remand this case to the circuit court for the assessment of a penalty pursuant to the Demand Reduction Assessment Act, § 13A-12-280 et seq., Code of Alabama 1975.
The state did not bring this matter to the attention of the trial court. We can remand this case to the circuit court for the assessment of the additional penalty only if the requirements of the Demand Reduction Assessment Act are mandatory. See, e.g., Ford v. State, 645 So.2d 317
(Ala.Cr.App. 1994) (case remanded to circuit court for mandatory sentence enhancement pursuant to §§ 13A-12-250 and -270, Code of Alabama 1975).
Section 13A-12-281(a) provides:
 "In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders."
(Emphasis added.)
Ordinarily, the word "shall" indicates that compliance with a statute is mandatory; however, it "may also be construed as being permissive where the intent of the legislature would be defeated by making the language mandatory." Ex parte Brasher,555 So.2d 192, 194 (Ala. 1989).
 "When determining whether 'shall' is mandatory, 'the prime object is to ascertain the legislative intent, as disclosed by all the terms and provisions of the act in relation to the subject of [the] legislation and the general object intended to be accomplished.' Alabama Pine Co. v. Merchants' Farmers' Bank of Aliceville, 215 Ala. 66, 67, 109 So. 358 (1926)."
Brasher, 555 So.2d at 195.
Section 13A-12-284 provides for the suspension and reduction of the penalties prescribed by the Act. The provisions allowing suspension or reduction of the penalties provided for in the penalties under the Act are not mandatory. Viewing the Act in its entirety, *Page 245 
we hold that the assessment of the penalties under the Act is not mandatory.
The state did not request that the trial court assess a penalty under the Demand Reduction Assessment Act. Because we hold the assessment of penalties under this Act to be discretionary, we cannot now remand this case for the assessment of an additional penalty.
Although the Demand Reduction Assessment Act was effective as of April 24, 1990, we are aware of only one case in which it has been applied, Taylor v. State, 615 So.2d 1308
(Ala.Cr.App. 1993). A holding that this Act is absolutely mandatory in application could result in the reopening of every drug-related case tried since April 24, 1990, the date of the Act, costing the state and the parties a great deal of time and effort. Under our interpretation of this Act, reopening every drug-related case since this date will not be necessary.
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins in the dissent.