Teresa Pierson was convicted of distributing a controlled substance, a violation of Ala. Code 1975, § 13A-12-211. The trial court sentenced her to 12 years in the state penitentiary, pursuant to § 13A-12-250, which provides for an increased sentence for a drug sale that occurs within a three-mile radius of a school. The trial court did not impose on Pierson a fine under the Demand Reduction Assessment Act, Ala. Code 1975, § 13A-12-280 through -284. The Court of Criminal Appeals affirmed the trial court's judgment of conviction and the sentence. See Pierson v. State, 677 So.2d 242
(Ala.Crim.App. 1994).
We granted the State's petition for certiorari review to consider its argument that the provisions of the Demand Reduction Assessment Act are mandatory and not permissive and that, therefore, the trial court must impose a mandatory fine upon Pierson.
Section 13A-12-281(a) provides:
 "(a) In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders."
(Emphasis added.)
The Court of Criminal Appeals held that the provisions of the Demand Reduction Assessment Act are merely permissive and, thus, that the trial court did not err in failing to assess Pierson the statutory penalty. While conceding that the use of the word "shall" in the statute suggests a mandatory fine, the Court of Criminal Appeals held that the statute " 'may also be construed as being permissive where the intent of the legislature would be defeated by making the language mandatory.' " 677 So.2d at 244 (quoting Ex parte Brasher,555 So.2d 192, 194 (Ala. 1989)). The Court of Criminal Appeals further stated:
 " 'When determining whether "shall" is mandatory, "the prime object is to ascertain the legislative intent, as disclosed by all the terms and provisions of the act in relation to the subject of legislation and *Page 247 
the general object intended to be accomplished." ' "
677 So.2d at 244. (Again quoting Ex parte Brasher, 555 So.2d at 195, quoting in turn, Alabama Pine Co. v. Merchants' Farmers'Bank of Aliceville, 215 Ala. 66, 67, 109 So. 358 (1926).)
The Court of Criminal Appeals reasoned that because the provisions of § 13A-12-284, which provides for the suspension and reduction of the penalties prescribed by the Demand Reduction Assessment Act, are not mandatory, the provisions of § 13A-12-281(a) are likewise not mandatory. However, in contrast to the language of § 13A-12-281(a), the language of §13A-12-284 is specifically permissive:
 "(a) The court may suspend the collection of a penalty imposed pursuant to this division if the defendant agrees to enter a drug rehabilitation program approved by the court and if the defendant agrees to pay for all of some portion of the costs associated with the rehabilitation program. The collection of a penalty imposed pursuant to this division shall be suspended during the defendant's participation in the approved rehabilitation program.
 "(b) Upon successful completion of the rehabilitation program, the defendant may apply to the court to reduce the penalty imposed pursuant to this division by any amount actually paid by the defendant for his participation in said program. The court shall not reduce the penalty pursuant to this section unless the defendant establishes to the satisfaction of the court that he has successfully completed the rehabilitation program.
 "(c) If the defendant's participation is for any reason terminated before his successful completion of the rehabilitation program, collection of the entire penalty imposed pursuant to this division shall be enforced."
(Emphasis added.) Thus, § 13A-12-284 authorizes the court to suspend the collection of the penalty, not the assessment of that penalty. If a defendant complies with the provisions of §13A-12-284, then the collection of the mandatory fine imposed in accordance with § 13A-12-281 may be suspended.
Moreover, an examination of the application of other drug-related criminal statutes suggests that the provisions of the Demand Reduction Assessment Act were intended to be mandatory. As noted by Judge Bowen in his dissenting opinion inPierson, "Since 1988, the Alabama legislature has clearly expressed its intent to impose harsh mandatory punishments on drug dealers. The enhancement provisions of § 13A-12-250 and §13A-12-270, which provide for an increased sentence if a drug sale occurs within a three-mile radius of a school or a public housing project, respectively, are mandatory." 677 So.2d at 245. See Cunny v. State, 629 So.2d 693, 696
(Ala.Crim.App. 1993); Burks v. State, 611 So.2d 487, 492
(Ala.Crim.App. 1992). In addition, as Judge Bowen noted in his dissent, "[t]he imposition of fines under the drug trafficking statutes is mandatory." 677 So.2d at 245; see Toney v. State,572 So.2d 1308, 1315-16 (Ala.Crim.App. 1990); Moynes v. State,568 So.2d 392, 394 (Ala.Crim.App. 1990).
The holding of the Court of Criminal Appeals in this case conflicts with its holding in a more recent case, Fletcher v.State, 675 So.2d 55 (Ala.Crim.App. 1995). In Fletcher, the Court of Criminal Appeals held the Demand Reduction Assessment Act to be mandatory, stating:
 "The trial court also omitted to impose the mandatory fine in Ala. Code 1975, § 13A-12-281, the 'Demand Reduction Assessment Act.' We remand this case to the trial court for resentencing for the express purposes of implementing the . . . enhancement provisions and of imposing a fine in accordance with § 13A-12-281."
675 So.2d at 56.
We hold that the provisions of the Demand Reduction Assessment Act are mandatory. The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court with instructions to direct the circuit court to assess a penalty pursuant to Ala. Code 1975, § 13A-12-281(a).
REVERSED AND REMANDED. *Page 248 
MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.