On Return to Remand
On June 18, 1999, we remanded this cause to the trial court for imposition of the $1,000 mandatory fine applicable under the Demand Reduction Assessment Act, § 13A-12-281(a), Ala. Code 1975. The trial court has filed with this Court a case action summary, indicating that the trial court ordered the appellant to pay the $1,000 fine and then found that the appellant was unable to pay the fine because he is in prison. Therefore, the trial court remitted the fine. However, any reduction in this fine must be made in accordance with § 13A-12-284, Ala. Code 1975. Section § 13A-12-284 mandates that a reduction of a penalty imposed pursuant to the Demand Reduction Assessment Act can be conditioned solely on a defendant's agreement to enter a drug rehabilitation program and to pay for some or all of the costs associated with the program. The statute provides as follows:
 "(a) The court may suspend the collection of a penalty imposed pursuant to this division if the defendant agrees to enter a drug rehabilitation program approved by the court and if the defendant agrees to pay for all or some portion of the costs associated with the rehabilitation program. The collection of a penalty imposed pursuant to this division shall be suspended during the defendant's participation in the approved rehabilitation program.
 "(b) Upon successful completion of the rehabilitation program, the defendant may apply to the court to reduce the penalty imposed pursuant to this division by any amount actually paid by the defendant for his participation in said program. The court shall not reduce the penalty pursuant to this section unless the defendant establishes to the satisfaction of the court that he has successfully completed the rehabilitation program.
 "(c) If the defendant's participation is for any reason terminated before his successful completion of the rehabilitation program, collection of the entire penalty imposed pursuant to this division shall be enforced."
In Pierson v. State, 677 So.2d 246 (Ala. 1995), the Alabama Supreme Court reversed this Court's judgment and held that the provisions of the Demand Reduction Assessment Act provisions were mandatory, not permissive. In so doing, the Alabama Supreme Court rejected this Court's reasoning that because the provisions of § 13A-12-284, providing for the suspension and the reduction of these penalties, are not mandatory, the provisions of the assessment were likewise not mandatory. The Court stated:
 "However, in contrast to the language of § 13A-12-281(a), the language of § 13A-12-284 is specifically permissive:
"`. . . .'
 ". . . Thus, § 13A-12-284 authorizes the Court to suspend the collection of the penalty, not the assessment of that penalty. If a defendant complies with the provisions of § 13A-12-284, then the collection of the mandatory fine imposed in accordance with § 13A-12-281 may be suspended."
Id. at 247 (emphasis added). Thus, the statute allowing for the suspension or reduction of this fine is "specifically permissive" in that it allows for a suspension or reduction only if certain conditions are met. In the present case, the trial court remitted the fine because the appellant was in prison and was, therefore, unable to pay the fine. Because this reason does not *Page 66 
meet the requirements of § 13A-12-284, Ala. Code 1975, we must again remand this case to the trial court for the proper collection, suspension, or reduction of the assessed penalty. Return should be made to this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur. *Page 873