The appellant, Michael D. Williams, appeals from the circuit court's dismissal of his petition for a writ of habeas corpus in which he contested seven disciplinary proceedings against him.
On November 8, 1993, the state filed a motion to dismiss Williams's petition, asserting that Williams had failed to comply with the following requirement for an application for a writ of habeas corpus:
 "[I]f the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy."
Ala. Code 1975, § 15-21-4. However, also on November 8, Williams filed a request for the state to produce the documents pertaining to all disciplinaries against him from March 1, 1993, to November 8, 1993.[1] He listed seven specific disciplinaries. On November 10, Williams filed an affidavit and motion in opposition to the state's motion to dismiss. In that filing, Williams alleged that, on November 5, he had mailed a request for production of those same documents to the state. He asserted that the state should be required to explain its failure to produce the documents as he requested. On December 3, the court ordered Williams to provide, within 45 days, copies of the disciplinary reports of the disciplinary proceedings of which he was complaining. On December 14, Williams filed a motion to compel production of those documents he sought in his request for production which he allegedly mailed on November 5.
On January 18, 1994, the circuit court dismissed Williams's petition for failure to comply with its December 3 order to produce. On January 27, Williams filed a written objection to the circuit court's dismissal. In this objection, Williams alleged that he never received the court's order to submit copies of the disciplinary reports and that this allegation would be corroborated by the "inmate legal-mail list." He further alleged that the state had failed to comply or to respond to his request for production of the documents; therefore, he says, he was never in a position to provide the documents to the court.
The state contends that the circuit court correctly dismissed Williams's petition for failure to comply with § 15-21-4. However, we find that Williams's actions, as detailed above, were sufficient to satisfy the requirement of § 15-21-4. SeeLuckie v. State, 502 So.2d 870, 872 (Ala.Cr.App. 1986) ("The writ cannot be bound down by technical pleading, nor its swift and effective relief hindered by cautious objection or finespun theories of procedure."). The circuit court erroneously dismissed Williams's petition on the ground stated.
Accordingly, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] In his brief on appeal, Williams explains that he had no copies of the disciplinary reports because "it was a mandatory requirement of the [Department of Corrections] that same be submitted back to [it] by appellant Williams as a prerequisite of administrative review on appeal to the Commissioner . . . [a]nd which disciplinaries that were submitted to [the Department] . . . have not been returned to appellant Williams." *Page 1155