The appellant, Laphonse Akilio Tremane Young, appeals from the circuit court's summary dismissal of his petition for a writ of habeas corpus filed on October 8, 1997, in which he contended that he was denied due process of law in five prison disciplinary proceedings conducted between April 1996 and August 1997.
In his petition, the appellant alleged that three of the five disciplinary proceedings against him resulted in his being sanctioned with the loss of earned good time credit, while the remaining two proceedings resulted either in no sanction or his being sanctioned with placement in disciplinary segregation. None of the disciplinary reports pertaining to the five disciplinary proceedings was attached to the appellant's petition. However, the appellant stated in his petition that he had "repeatedly asked" the state for copies of the disciplinary reports "to no avail." (C. 10.) *Page 1122 
On October 13, 1997, the state filed a motion to dismiss the appellant's petition, attaching to the motion a copy of the disciplinary report pertaining to one of the disciplinary proceedings. That proceeding resulted in the appellant's being sanctioned with 21 days of disciplinary segregation. CitingDumas v. State, 675 So.2d 87 (Ala.Cr.App. 1995), the state maintained that the appellant's petition was due to be dismissed because the sanction suffered by the appellant as a result of the disciplinary proceeding — placement in disciplinary segregation — did not involve the loss of a liberty interest that would trigger the due process protections set out by the United States Supreme Court in Wolff v.McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293,132 L.Ed.2d 418 (1995). The state's motion was not otherwise responsive to the allegations set out in the appellant's petition; it did not address the four other disciplinary proceedings contested in the appellant's petition; and it did not address the appellant's contention that the state had not complied with the appellant's requests for copies of the disciplinary reports.
On November 17, 1997, upon finding that the state's motion to dismiss was "well taken" (C. 38), the circuit court dismissed the appellant's petition without an evidentiary hearing. The appellant maintains that it was error for the circuit court to dismiss his petition.
The state insists that dismissal of the appellant's petition was proper because, the state says, the appellant failed to comply with the requirements of § 15-21-4, Ala. Code 1975, when he did not attach to his petition copies of the disciplinary reports pertaining to the disciplinary proceedings he was contesting. Section 15-21-4 provides:
 "Application for a writ of habeas corpus must be made by petition, signed either by the party himself for whose benefit it is intended or by some other person on his behalf, must be verified by oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief and must state, in substance, the name of the person on whose behalf the application is made, that he is imprisoned or restrained of his liberty in the county, the place of such imprisonment, if known, the name of the officer or person by whom he is so imprisoned and the cause or pretense of such imprisonment; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy."
(Emphasis added.)
The state's contention notwithstanding, the appellant's actions were sufficient to satisfy the requirements of §15-21-4. Although copies of the disciplinary reports were not attached to the appellant's petition, the appellant's statement in his petition that he had repeatedly requested copies of the reports, but that the state had not complied with his requests, was not refuted by the state. Accordingly, we take the appellant's allegation in this regard to be true. Ex parteFloyd, 457 So.2d 961 (Ala. 1984); Hildreth v. State,555 So.2d 184 (Ala.Cr.App. 1987). In Williams v. State, 651 So.2d 1153
(Ala.Cr.App. 1994), we held that a habeas petitioner's unrefuted allegations that he had mailed to the state a request for production of copies of his prison disciplinary reports, and his subsequent motion to compel production of those documents when the state did not comply, were sufficient to satisfy the requirements of § 15-21-4. We think our holding in Williams is applicable also under the facts of this case.
The circuit court could properly dismiss the appellant's petition as to the two disciplinary proceedings that did not result in the appellant's being sanctioned with the loss of earned good time credit, because the due process protections set out in Wolff, supra, 418 U.S. 539, 94 S.Ct. 2963,41 L.Ed.2d 935, do not apply in a case involving the sanctions suffered by the appellant in those proceedings. See Washingtonv. State, 690 So.2d 539, 540-41 (Ala.Cr.App. 1997). However, the three disciplinary proceedings that resulted in the appellant's being sanctioned with the *Page 1123 
loss of earned good time credit did trigger the protections ofWolff, and it was error for the circuit court to summarily dismiss the appellant's petition as to those proceedings. SeeWashington, 690 So.2d at 540-41.
Accordingly, the circuit court's judgment dismissing the appellant's petition is affirmed as to the two disciplinary proceedings that did not result in the appellant's being sanctioned with the loss of earned good time credit; the circuit court's judgment dismissing the appellant's petition is reversed as to the three disciplinary proceedings that resulted in the appellant's being sanctioned with the loss of earned good time credit, and the cause is remanded to that court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN, COBB, and BASCHAB, JJ., concur.
BROWN, J., recuses. *Page 1124 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1125 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1126 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1127 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1128 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1129 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1130 
[EDITORS' NOTE: CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.]
 *Page 464