882 So.2d 878 (2003)
Ex parte Christopher DERAMUS.
(In re Christopher Deramus
v.
State of Alabama).
1012372.
Supreme Court of Alabama.
March 21, 2003.
Christopher Deramus, pro se.
*879 Andrew W. Redd, general counsel, and Jane LeCroy Brannon, asst. gen. counsel, Department of Corrections, for respondent.
LYONS, Justice.
The defendant, Christopher Deramus, petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the trial court's judgment dismissing Deramus's petition for a writ of habeas corpus. See Deramus v. State, (No. CR-00-2420, August 16, 2002) ___ So.2d ___ (Ala.Crim.App.2002) (table). We granted certiorari review.[1] For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals.
We adopt the statement of facts set forth by this Court in Ex parte Deramus, 882 So.2d 875 (Ala.2002):
"Christopher Deramus was convicted of murder in 1988 and was sentenced to 45 years' imprisonment.... In 1994, Deramus was granted work-release status. In 1995, Deramus began participating in the `PDL' work-release program, and he continued in the program for approximately five years. On June 23, 2000, Deramus was removed from work-release status and returned to Kilby Correctional Facility. Following his removal from the program, the Alabama Department of Corrections (`DOC') notified Deramus that he had been reclassified as a `heinous offender' and that he was permanently ineligible to participate in the work-release program.
"On February 12, 2001, Deramus filed a `petition for writ of certiorari' in the Limestone Circuit Court. The petition alleged that DOC had improperly classified him as a `heinous offender.' The circuit court restyled the petition as one for a writ of habeas corpus and, after conducting a hearing, denied the petition. Deramus appealed. The Court of Criminal Appeals did not address the merits of Deramus's argument; instead the court affirmed the judgment of the circuit court because Deramus had mislabeled his petition  Deramus's petition was styled as a `petition for writ of certiorari,' rather than a `petition for writ of habeas corpus.' 882 So.2d 874 (Ala.Crim.App.2001). We granted certiorari review to determine whether the Court of Criminal Appeals erred in refusing to address the merits of Deramus's claims."
882 So.2d at 875-76. This Court concluded that the Court of Criminal Appeals had erred, stating:
"Because it was clear on the face of Deramus's petition that he was requesting relief regarding the change in his custody classification, the Court of Criminal Appeals, having already held that a petition for a writ of habeas corpus is the proper vehicle by which to challenge a change in custody classification, should have treated Deramus's petition as a petition for a writ of habeas corpus and considered the merits of his claims."
882 So.2d at 877. We reversed the judgment of the Court of Criminal Appeals and remanded the case to that court to address the merits of Deramus's claims.
On remand, the Court of Criminal Appeals, in an unpublished memorandum, *880 again affirmed the trial court's dismissal of Deramus's petition on the ground that Deramus had "not compl[ied] with the statutory pleading requirements set forth in § 15-21-4, Ala.Code 1975." The Court of Criminal Appeals based this determination on the fact that Deramus did not attach documents to his petition
"showing that he had a liberty interest in remaining on work release, showing that he had been removed from work release without due process, and showing that DOC had inconsistently and arbitrarily applied the policy. Further, he did not allege that he had demanded copies of any such documents and that his demand had been refused, and he did not offer any excuse for his failure to comply with § 15-21-4."[2]
In support of its holding, the Court of Criminal Appeals cited its decision in Conners v. State, 837 So.2d 319 (Ala.Crim.App.2001). In Conners, the Court of Criminal Appeals affirmed the trial court's dismissal of Conners's petition for a writ of habeas corpus. Conners's petition alleged that he was denied due process when he was removed from the work-release program and reclassified as a "heinous offender." Conners pointed to this Court's decision in Ex parte Berry, 794 So.2d 307 (Ala.2000), in support of his argument that he had a liberty interest in remaining on work release. The Court of Criminal Appeals distinguished Berry, pointing out that, unlike the appellant in Berry, Conners had failed to attach to his petition his work-release contract, the basis for his claim of a liberty interest in the work-release program. The Court of Criminal Appeals held that Conners had violated § 15-21-4, Ala.Code 1975, by failing to "attach to his petition any documents supporting his claim that he had a liberty interest in remaining on work release or that he was removed from work release without due process." Conners, 837 So.2d at 321. The Court of Criminal Appeals also noted that Conners, unlike the petitioners in Young v. State, 712 So.2d 1121 (Ala.Crim.App.1998), and Williams v. State, 651 So.2d 1153 (Ala.Crim.App.1994), who were allowed to proceed despite not having attached the aforementioned documentation to their petitions, did not "allege that he had demanded a copy of any such documents and was refused" or provide an excuse for his failure to follow the pleading requirements of § 15-21-4. Conners, 837 So.2d at 321. The Court of Criminal Appeals further held that Conners's petition was properly denied for reasons related to the merits of his claim, independent of the pleading deficiency. Conners, 837 So.2d at 321-22.
Conners is the only case with a similar fact scenario, but we decline to follow it on the issue of the adequacy of the documentation before us. The Court of Criminal Appeals stated in Conners:
"[A]lthough the Alabama Supreme Court's holding in Ex parte Berry, [794 So.2d 307 (Ala.2000)] shows that inmates may, in fact, have a liberty interest in remaining on work release, that holding does not relieve inmates of their burden under § 15-21-4 either to attach copies of the record of their removal from work release or to demand those records in a timely fashion."
837 So.2d 322. In Berry, this Court evaluated the merits of Berry's petition, not whether it met the requirements of § 15-21-4, although we referred to the fact that Berry provided the Court with portions of the Department of Corrections' Classification *881 Manual. In fact, § 15-21-4 is not even mentioned in Berry. When this Court denied certiorari in Conners, we stated as follows: "In denying the petition for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements, of law in the Court of Criminal Appeals' opinion." Ex parte Conners, 837 So.2d 326 (Ala.2002).
Deramus challenged his removal from the work-release program and his reclassification as a "heinous offender." The documents relevant to Deramus's claims are not analogous to a disciplinary report made in connection with a prison disciplinary proceeding. Nor is he complaining that his "imprisonment is by virtue of any warrant, writ or other process." See § 15-21-4. To the extent that Conners conflicts with our holding today, we expressly overrule Conners.
In addition to Conners, the Court of Criminal Appeals has addressed the issue whether § 15-21-4 is violated when the defendant does not attach documentation pertaining to the basis of a petition for a writ of habeas corpus on only two other occasions. Young, 712 So.2d at 1121-22; Williams, 651 So.2d at 1153. As previously noted in the discussion of the judgment of the Court of Criminal Appeals now before us, the failure to attach documents in Young and Williams was found to be excused because Young and Williams had demanded copies of documentation and their demands had been refused. We do not reach the question whether those cases were correctly decided on the issue of necessity for demand and refusal under the circumstances there presented. We note that Deramus's petition arose out of a different factual scenario than those of Young and Williams, where the inmates were challenging adverse determinations in disciplinary proceedings. We decline to draw from Young and Williams the proposition that Deramus, who is challenging his removal from the work-release program and his reclassification as a "heinous offender" and who did not attach documentation, must request documentation and be refused in order to satisfy the requirements of § 15-21-4.
Based upon our determination that Deramus's petition complied with the requirements of § 15-21-4, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., and SEE, J., dissent.
SEE, Justice, dissenting.
I respectfully dissent from the majority opinion that reverses the judgment of the Court of Criminal Appeals holding that Deramus's petition for a writ of habeas corpus does not comply with the requirements of § 15-21-4, Ala.Code 1975.
Section 15-21-4, Ala.Code 1975, provides:
"Application for a writ of habeas corpus must be made by petition...; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy."
(Emphasis added.) In his habeas corpus petition, Deramus requested that the trial court "review the process ... the [State] use[s] in the [c]lassification of certain inmates as heinous offenders...." Therefore, under § 15-21-4, Ala.Code 1975, *882 Deramus must attach to his petition documentation showing how the Department of Corrections ("the DOC") applied its work-release classification policy in his case. Because he did not attach any such documents to his petition or allege that he demanded copies of those documents and that his demand was refused, the trial court properly dismissed Deramus's petition.
Nonetheless, even if Deramus's petition had complied with the requirements set forth in § 15-21-4, Ala.Code 1975, I respectfully submit that Deramus does not have a protected liberty interest in his work-release classification for the reasons Justice Brown set forth in her dissent in Ex parte Berry, 794 So.2d 307, 311 (Ala.2000). Therefore, Deramus's claim that the DOC inconsistently and arbitrarily applied its work-release classification policy in his case is not a claim for which relief can be granted.
NOTES
[1] We note that the sufficiency of the documentation to support Deramus's claim, discussed below, is the only issue raised in Deramus's petition for a writ of certiorari that properly invokes this Court's jurisdiction. Accordingly, our review is limited to that issue.
[2] The Department of Corrections ("DOC") did not raise the issue of inadequate documentation on appeal to the Court of Criminal Appeals. DOC does not attempt to support the rationale of the Court of Criminal Appeals on this issue in its brief before this Court.