This Court granted Willie J. Brooks's petition for certiorari review of the decision of the Court of Criminal Appeals affirming the dismissal of Brooks's petition for a writ of habeas corpus. We reverse the decision of the Court of Criminal Appeals, seeBrooks v. State (No. CR-02-0788, August 22, 2003),886 So.2d 182 (Ala.Crim.App. 2003) (table), because it conflicts with the decision of this Court in Ex parte Floyd, 457 So.2d 961 (Ala. 1984), and we remand this case to the Court of Criminal Appeals for further proceedings consistent with this opinion.
In a prison disciplinary proceeding after Brooks, an inmate assigned to a work-release program, allegedly threatened another inmate with a knife, Brooks was administratively charged, tried, and adjudged guilty of making threats, creating a security hazard, possessing a weapon, and disobeying a direct order ("the four disciplinary charges"). On the same day he was adjudged guilty of the four disciplinary charges, Brooks pled guilty to an additional disciplinary charge of conspiracy to commit a violation of institutional rules.
Brooks petitioned the circuit court for a writ of habeas corpus. In pertinent part, Brooks alleged:
 "[T]he only evidence presented at the hearing on the [four disciplinary] charges was the hearsay testimony of the arresting officer restating the circumstances of the violations. However, during the hearing the arresting officer in answering the questions propounded to him stated that he didn't see [Brooks] with a knife, that he didn't see [Brooks] and [the alleged victim] arguing, that no one told him [Brooks] had a knife, that he didn't see [Brooks] make any threats, *Page 1019 
and [that] he didn't ask [Brooks] to take a urine [test]. . . . [A]t the conclusion of the hearing, [Brooks] was found guilty of all charges based on the arresting officer's testimony alone. . . .
 "As a result of the alleged violations, [Brooks]
was punished to a total of 60 days disciplinary segregation, 90 days loss of all privileges, and was removed from the community-based [work-release] facility to a maximum security facility. . . .
 "[Brooks] . . . was denied parole based on [Brooks's] being removed from work-release status to a maximum security facility.
". . . .
 "In Ex parte Berry, 794 So.2d 307 (Ala. 2000), the Alabama Supreme Court held that:
 "`The language in the classification manual prevents the Department of Corrections from arbitrarily removing an inmate from the work release program and by doing so creates a liberty interest in an inmate's continued participation in the work release program.'
 "In the instant case, [Brooks] contends that the evidence submitted at the disciplinary hearing was insufficient to support a finding of guilt and fail [ed] to meet the `some evidence standard' of [Superintendent, Massachusetts Correctional Inst., Walpole v.] Hill [, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)], thus [Brooks's] remov[al] from work-release status based on the charges deprived [Brooks] of the procedural due process he was due. . . ."
(Emphasis added.) To his petition Brooks attached a copy of the disciplinary report for each of the four disciplinary charges and adjudications at issue.[1]
The State responded to Brooks's petition by moving to dismiss it on the ground that the punishments imposed on Brooks as a result of his being adjudged guilty of the four disciplinary charges did not implicate a liberty interest. The motion to dismiss did not deny the allegation in Brooks's petition that the punishments imposed as a result of his being adjudged guilty of the four disciplinary charges included removal from the work-release program. Moreover, the evidence submitted by the State in support of its motion to dismiss did not refute Brooks's allegation that the punishments imposed as a result of his being adjudged guilty of the four disciplinary charges included removal from the work-release program. The circuit court dismissed Brooks's petition on the ground that the punishments imposed on *Page 1020 
Brooks for his being adjudged guilty of the four disciplinary charges did not implicate a liberty interest.
Appealing to the Court of Criminal Appeals, Brooks asserted that his removal from the work-release program solely on the basis of hearsay deprived him of a liberty interest in violation of his right to due process. Brooks cited Ex parte Berry,794 So.2d 307 (Ala. 2000), in support of his claim that, contrary to the holding of the circuit court, his removal from the work-release program did deprive him of a liberty interest. In an unpublished memorandum decision affirming the dismissal of Brooks's petition for a writ of habeas corpus, the Court of Criminal Appeals held that the dismissal of Brooks's habeas corpus petition was warranted by his failure to present evidence that his removal from the work-release program resulted from his being adjudged guilty of the four disciplinary charges:
 "The reviewing court must examine the punishment an inmate receives as a result of a violation of disciplinary rules to determine if he was denied a liberty interest. Here, [Brooks] did not show that the punishment imposed for violations at issue involved a liberty interest. The disciplinary reports state that the hearing officer recommended a total of 60 days' disciplinary segregation; 75 days' loss of store, phone, and visitation privileges; and `refer[al] to classification.' Store, telephone, and visitation privileges and freedom from disciplinary segregation are not protected liberty interests.
 "Removal from work release can involve a protected liberty interest. In Baskin v. State, 856 So.2d 951
(Ala.Crim.App. 2003), this court held that an inmate's removal from work release that resulted from an administrative determination that he committed rules violations did amount to the denial of a liberty interest. Here, it is apparent from the record that [Brooks] was removed from work release following the incident on March 27. It also is apparent that he was located at Holman Correctional Facility when he filed his petition on September 19. However, there is no evidence the change in the facility was the result of the hearing officer's recommendation.
 "The appellant's removal from Loxley on March 27 could have been temporary, pending a reclassification hearing. His confinement at Holman on September 19 could have resulted from punishment imposed on his fifth-offense guilty plea or on an unrelated violation. . . .
 "This court will not presume error from a silent record. Here, the appellant failed to offer any evidence, such as an affidavit from the classification director, the record of a reclassification hearing, or an inmate summary sheet, that his removal from work release was the result of the hearing officer's decision. . . .
 "Because the appellant offered no evidence that he had been denied a liberty interest because of the hearing officer's recommendation, the trial court's denial of the appellant's petition is due to be affirmed."
(Citations omitted; footnote omitted.) The Court of Criminal Appeals did not hold against Brooks on his claim that he was adjudged guilty only on the basis of hearsay and that he was thereby denied due process.
In an effort to support the judgments of the circuit court and the Court of Criminal Appeals, the brief filed with us by the State attempts to add facts to the facts recited by the Court of Criminal Appeals. The brief filed by the State does not include any citations to the record, and *Page 1021 
indeed the record does not include the facts, if they be facts, the State attempts to add. Facts not of record will not support a judgment. Cooper v. Adams, 295 Ala. 58, 61, 322 So.2d 706, 708
(1975) ("These matters, being dehors the record, cannot be considered. The case of Coleman v. Estes, 281 Ala. 234, [237,] 201 So.2d 391[, 393 (1967)], states two applicable rules: (1) Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. (2) The record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record.").
The issue before us is whether the decision of the Court of Criminal Appeals affirming the dismissal of Brooks's petition for a writ of habeas corpus conflicts with the decision of this Court in Ex parte Floyd, supra. In Ex parte Floyd,457 So.2d at 961-62, this Court held that an appellate court, in reviewing the dismissal of a habeas corpus petition, must assume the truth of unrefuted factual allegations in the habeas corpus petition:
 "The record in this case does not contain an answer or return to the petition for writ of habeas corpus denying the allegations of fact in that petition. The memoranda and affidavits filed with the State's motion to dismiss the habeas corpus petition contain few, if any, facts which contradict those facts set out in the petition. Accordingly, the unrefuted facts set out by the petitioner must be taken as true. Vaughan v. State, 415 So.2d 1231 (Ala.Cr.App. 1982); Washington v. State, 405 So.2d 62
(Ala.Cr.App. 1981)."
Because neither the motion to dismiss nor the evidence filed in support of the motion to dismiss refuted Brooks's allegation that the punishments imposed as a result of his being adjudged guilty of the four disciplinary charges included removal from the work-release program, Ex parte Floyd required the Court of Criminal Appeals to assume the truth of that allegation. The Court of Criminal Appeals did not assume the truth of that allegation. To the contrary, the Court of Criminal Appeals grounded its affirmance of the dismissal of Brooks's petition for a writ of habeas corpus on Brooks's failure to submit evidence to prove that unrefuted allegation. Thus, the decision of the Court of Criminal Appeals conflicts with Ex parte Floyd.
 Conclusion
No other holding in the decision by the Court of Criminal Appeals saves its judgment. Therefore, for conflict with the decision of this Court in Ex parte Floyd, we reverse the judgment of the Court of Criminal Appeals and remand this case to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
STUART, J., dissents.
[1] Section 15-21-4, Ala. Code 1975, requires, in pertinent part, that the "[a]pplication for a writ of habeas corpus . . . must state, in substance, . . . the cause or pretense of such imprisonment; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition. . . ." "Legal process has been defined in Black'sLaw Dictionary (6th ed. 1990) as `a summons, writ, warrant, mandate, or other process issuing from a court. . . ." Preskittv. Lyons, 865 So.2d 424, 430 (Ala. 2003). Because the classification committee of the Department of Corrections is not a court, such documents as it may generate do not qualify as "process." No statute or caselaw provides for the classification committee to issue "process." Ex parte Deramus, 882 So.2d 878,881 (Ala. 2003), holds that § 15-21-4 does not require reclassification documents for removal from work release to be attached to a petition for a writ of habeas corpus. The opinion explains:
 "Deramus challenged his removal from the work-release program and his reclassification as a `heinous offender.' The documents relevant to Deramus's claims are not analogous to a disciplinary report made in connection with a prison disciplinary proceeding. Nor is he complaining that his `imprisonment is by virtue of any warrant, writ or other process.' See § 15-21-4."